LEMMON, Judge
(concurring).
The trier of fact, as the majority opinion points out, may disregard the entire testimony of a witness when part of the witness’s testimony is shown to be false, but is not required to do so. See III Wig-more, Evidence § 1010 (3rd ed. 1940). While I would not completely discredit the qualifications and testimony of an expert mechanic who falsely, and irrelevantly) states that he has a master’s degree in education, the trier of fact has the discretion to do so, perhaps considering that a person who lies on an immaterial point will lie consistently and is more likely to give false testimony than a person who dares stray from the truth only on the point at issue.
In the present case, however, even a non-expert could testify that the accelerator stuck during testing, and such testimony (if accepted) is proof of a defect, whether or not the witness can explain why the accelerator stuck. Nevertheless, Benton’s testimony as to this testing (while the motor was off and the car was still covered with mud) did not preponderate over the testimony of the disinterested automobile repairman who bought the car and after cleaning it found no such defective condition, especially when that evidence is considered in the light of the inspection by Ford’s two experts and of plaintiff’s failure on the day of the accident to mention the sticking to the investigating officer or Mrs. Brewster or the Pursleys.[1]

. Her assertion in argument that she didn’t know what caused the car to continue running was in direct contradiction to her testimony that she “tried to pull up on the accelerator with my right foot” during the ordeal.